# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ROBERT WHITE,

      Plaintiff,       Case Number: 06-12122

v.             HONORABLE PAUL V. GADOLA

DIRECTOR OF PRISONS, et al.,

      Defendants.

_____/

## ORDER OF PARTIAL DISMISSAL AND TRANSFER TO THE
## UNITED STATES DISTRICT COURT OF COLORADO

Plaintiff Robert White, a federal inmate currently incarcerated at the Federal Correctional Institution in Milan, Michigan, has filed a *pro se* civil rights complaint pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). Plaintiff alleges that Defendants have been deliberately indifferent to his medical needs in violation of his Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff is proceeding without prepayment of the filing fee for this action, pursuant to 28 U.S.C. § 1915(a)(1). After careful consideration, the Court dismisses the claims against Defendants Director of Prisons, Malatinsky, Gidel and Marberry, pursuant to 28 U.S.C. § 1915(e)(2),[1] for failure to state a claim upon which relief may be granted. Pursuant to 28

---

[1]   28 U.S.C. § 1915(e)(2) provides, in pertinent part:

   Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
   . . .
   (B) the action or appeal –
   . . .
   (ii) fails to state a claim upon which relief may be granted . . .

U.S.C. § 1404(a), this Court transfers the remainder of Plaintiff's complaint to the United States District Court for the District of Colorado.

Plaintiff's complaint alleges that Defendants have violated his constitutional right to be free from cruel and unusual punishment. His complaint arises from two distinct occurrences. The first allegedly occurred at the Federal Correctional Institution in Florence, Colorado (FCI-Florence). Plaintiff claims that while incarcerated at FCI-Florence he was told that he would be undergoing a skin test for tuberculosis but was instead injected with an unknown substance without his consent. Plaintiff claims that, since this time, he has suffered from several health problems. The second involves treatment received while incarcerated at FCI-Milan for a fungal infection of his toe nails. Plaintiff claims that defendants Malatinsky, a medical doctor, and Gidel, a physician's assistant, declined to prescribe oral medication for his fungal infection and, instead, directed him to purchase a topical cream. Plaintiff argues that the cream has not cured the infection. Plaintiff further alleges that defendant Marberry, the warden of FCI-Milan, has endorsed the denial of oral medication.

Plaintiff names the Director of Prisons as a defendant. However, Plaintiff makes no specific allegations against the Director of Prisons. Instead, he alleges that the Director of Prisons is liable based upon his supervisory authority. The doctrine of respondeat superior cannot provide the basis for liability in a *Bivens* action to impute liability onto supervisory personnel, *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-95 (1978); *Okoro v. Scibana*, 63 Fed. Appx. 182, 184 (6th Cir. 2003), unless it is shown "that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Plaintiff has not alleged that Defendant Director of Prisons encouraged the alleged constitutional violations. Accordingly, this Court must dismiss Plaintiff's claims against the Director of Prisons.

2

Plaintiff alleges that Defendants Malatinsky, Gidel, and Marberry have violated his rights under the Eighth Amendment.  The Eighth Amendment bans cruel and unusual punishment which involves the unnecessary and wanton infliction of pain.  *Hudson v. McMillan*, 503 U.S. 1, 5 (1992); *Pelfrey v. Chambers*, 43 F.3d 1034, 1037 (6th Cir. 1995).  It is well-established that deliberate indifference to serious medical needs constitutes the unnecessary and wanton infliction of pain.  *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).  To sustain an Eighth Amendment claim of deliberate indifference to medical needs, a prisoner must satisfy a two-prong test.  First, he must demonstrate that the medical needs were serious and required attention that adhered to "contemporary standards of decency."  *Hudson*, 503 U.S. at 8.  Then, he must establish that defendants were deliberately indifferent to those needs.  *Id.*  Deliberate indifference exists when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference."  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  In other words, this prong is satisfied when a prison official acts with criminal recklessness, *i.e.*, when he or she "consciously disregard[s] a substantial risk of serious harm."  *Brooks v. Celeste*, 39 F.3d 125, 128 (6th Cir. 1994) (*citing Farmer*, 114 U.S. at 839-40).

Plaintiff maintains that Defendants Malatinsky and Gidel should have prescribed an oral medication to treat his fungal infection rather than recommending an over-the-counter topical cream, and that Defendant Marberry acquiesced in the failure to provide adequate medical care.  "[A] difference of opinion between a prisoner and a doctor over a diagnosis or treatment . . . fails to state an Eighth Amendment claim."  *Johnson v. Leonelli*, 2000 WL 1434767 (6th Cir. Sept. 19, 2000) (*citing Estelle*, 429 U.S. at 106).

3

A review of Plaintiff's complaint and the supporting documents attached thereto fails to show that Defendants were deliberately indifferent to Plaintiff's medical needs.  Plaintiff has been treated for his medical condition, and advised to use a topical ointment.  Plaintiff appears to disagree with the assessment of Defendant medical personnel that the topical ointment is sufficient to treat his fungal infection.  However, as stated above, a difference of opinion regarding the proper course of treatment is insufficient to state an Eighth Amendment claim.  *Johnson*, 2000 WL 1434767. Accordingly, Plaintiff has failed to state a claim upon which relief may be granted against Defendants Malatinsky, Gidel, and Marberry .

Venue is appropriate in the judicial district where either all defendants reside or where the claims arose.  28 U.S.C. § 1391(b); *Al-Muhaymin v. Jones*, 895 F.2d 1147 (6th Cir. 1990). The remaining claims in the complaint involve events which took place while Plaintiff was incarcerated at FCI-Florence in Florence, Colorado, which is located in the District of Colorado.  The remaining Defendants in this action are also all located in the District of Colorado.  Consequently, proper venue lies in the district where the claim arose, the District of Colorado, and the Court shall transfer this matter to the District of Colorado.

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's claims against Defendants Director of Prisons, Malatinsky, Gidel, and Marberry are **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk of Court transfer the court file to the District of Colorado.

**SO ORDERED**.

Dated:____June 13, 2006____                    s/Paul V. Gadola_____
                                               HONORABLE PAUL V. GADOLA
                                               UNITED STATES DISTRICT JUDGE

4

Certificate of Service

I hereby certify that on  June 13, 2006 , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

_____,
and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:  _____Robert White_____.


s/Ruth A. Brissaud_____
Ruth A. Brissaud, Case Manager
(810) 341-7845